OPINION
Plaintiff-appellant, the state of Ohio, appeals from a substantive ruling which was rendered by the Brown County Court of Common Pleas, Juvenile Division, in the state's prosecution of Jonathan Bennett, Jr., for trafficking in drugs and which preceded Bennett's acquittal on that charge. Pursuant toState v. Bistricky (1990), 51 Ohio St.3d 157, syllabus, we have elected to review the challenged ruling and have determined, for the reasons set forth below, that it was erroneous. However, as the principles of double jeopardy preclude retrial, we affirm Bennett's acquittal.
On March 13, 1998, eighteen-year-old Bennett was charged by complaint filed in the trial court with being a delinquent child in that "[he] did knowingly sell or offer to sell a controlled substance, to wit: 101.9 grams of marijuana, in violation of [R.C.] 2925.03(A), a Felony of the Fifth degree * * *." The charge stemmed from an incident that occurred on July 31, 1998, wherein Bennett sold the marijuana to an informant. At a bench trial held on September 17, 1998, the state presented the testimony of Robert W. Gifford, an investigator for the Brown County Prosecutor's Office. Gifford had tested the substance sold by Bennett to the informant and found it to be marijuana. When Gifford attempted to testify as to whether the substance sold by Bennett was marijuana, Bennett's attorney objected on the grounds that the identification of the substance was done neither in a laboratory nor by a chemist as required under R.C. 2925.51.
The trial court overruled the objection but reserved judgment. Gifford went on to testify that he had attended a two-day course on the identification of marijuana during which he was trained to perform microscopic examinations and a "Duquenois-Levine" test. Gifford testified that he was specifically trained to look for marijuana seeds and cystolithic, glandular, and covering hairs. Gifford testified he performed a microscopic examination of the substance sold by Bennett to the informant and found marijuana seeds and all three types of hair. Gifford also performed the Duquenois-Levine test. Gifford testified that chemically and microscopically, the substance tested positive for marijuana.
At the close of the state's case, Bennett moved for a judgment of acquittal under Juv.R. 29(F). The trial court granted the motion on the ground that the state had failed to analyze the substance in a laboratory by a chemist as required by R.C.2925.51. By entry filed October 8, 1998, the trial court found that the allegations of the complaint were not proved and dismissed the complaint. This timely appeal follows.
In its sole assignment of error, the state argues that R.C.2925.51 does not require the state to present the testimony of a chemist to identify a substance as marijuana and that as a result, the trial court erred in granting Bennett's motion for acquittal.
In State v. Bistricky, 51 Ohio St.3d at syllabus, the Supreme Court of Ohio held that "[a] court of appeals has discretionary authority pursuant to R.C. 2945.67(A) to review substantive law rulings made in a criminal case which results in a judgment of acquittal so long as the judgment itself is not appealed." The court determined that although the principles of double jeopardy bar retrial, the state may file an appeal from evidentiary rulings and issues of law which result in a judgment of acquittal. Id. at 159-160. The court noted that an appellate court's disposition of such appeals will not result in advisory opinions where the underlying questions are capable of repetition yet evading review.Id. at 158-159.
In the case at bar, we choose to exercise our discretion to consider the issue raised by the state as we find the issue to be capable of repetition yet evading review.
R.C. 2925.51 provides in pertinent part that:
 (A) In any criminal prosecution for a violation of this chapter * * *, a laboratory report from the bureau of criminal identification and investigation, a laboratory operated by another law enforcement agency, or a laboratory established by or under the authority of an institution of higher education * * *, primarily for the purpose of providing scientific services to law enforcement agencies and signed by the person performing the analysis, stating that the substance which is the basis of the alleged offense has been weighed and analyzed and stating the findings as to the content, weight, and identity of the substance and that it contains any amount of a controlled substance * * *, is prima-facie evidence of the content, identity, and weight or the existence * * * of the substance.
* * *
 (C) The report shall not be prima-facie evidence of the contents, identity, and weight * * * of the substance if the accused or his attorney demands the testimony of the person signing the report * * *.
We reject the trial court's ruling that Gifford's identification testimony at trial was inadmissible because the substance had not been analyzed in a laboratory by a chemist. The language of R.C. 2925.51 does not require the state to have a substance analyzed in a laboratory and/or by a chemist, or to present the testimony of a chemist, in order to identify a substance as marijuana. Rather, R.C. 2925.51(A) permits the prosecution, in a drug case brought under R.C. Chapter 2925, to introduce a laboratory report as prima facie evidence that a substance is marijuana without calling the person signing the report as a witness if the report is from one of the listed laboratories. However, if defense counsel demands the testimony of the person signing the report, the report alone will not serve as prima facie evidence. R.C. 2925.51(C).
In addition, it is well-established that expert testimony from experienced police officers is properly admitted. State v.Maupin (1975), 42 Ohio St.2d 473, 479. The Supreme Court of Ohio stated in that case that because "[m]arijuana, not being an extract or preparation difficult or impossible to characterize without chemical analysis, but consisting of the dried leaves, stems, and seeds of a plant which anyone reasonably familiar therewith should be able to identify by appearance, it is not error to permit officers who have had experience in searching for and obtaining marijuana to testify that a certain substance is marijuana; and other police officers have also been held qualified to testify." Id. at 480.
We therefore hold that the trial court erred in finding that Gifford's identification testimony was inadmissible because the substance had not been analyzed in a laboratory and/or by a chemist. The state's sole assignment is therefore meritorious. However, notwithstanding the erroneous basis for the trial court's judgment, pursuant to Bistricky and in accordance with the principles of double jeopardy, Bennett's acquittal is affirmed.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.