OPINION
{¶ 1} Plaintiff-appellant, the state of Ohio, appeals an evidentiary decision rendered by the Butler County Court of Common Pleas during the criminal trial of defendant-appellee, Robert Ingram, in which he was acquitted of five criminal charges. We find that the common pleas court erred in admitting the disputed testimony. However, because the principles of double jeopardy bar re-trial, we affirm the common pleas court's judgment acquitting appellee.
 {¶ 2} In February 2005, a Butler County grand jury indicted appellee for six counts: one count of unlawful sexual conduct with a minor, one count of gross sexual imposition, two counts of contributing to the unruliness or delinquency of a child, one count of illegal possession of intoxicating liquor, and one count of possession of marijuana. Appellee pled not guilty to all counts.
 {¶ 3} A jury trial took place in January 2006. After the state and appellee presented their evidence to the jury, the common pleas court granted appellee's motion for acquittal as to the illegal possession of intoxicating liquor count. Additionally, when the jury was unable to reach an agreement as to the gross sexual imposition count, the court granted a mistrial as to that count. The jury rendered verdicts of "not guilty" as to the four remaining counts.
 {¶ 4} Pursuant to R.C. 2945.67(A), the state sought leave from this court to appeal the common pleas court's decision allowing certain testimony during the trial. This court granted the state leave to appeal. The state now sets forth one assignment of error as follows:
 {¶ 5} "A PROSECUTING WITNESS IN [SIC] NOT A PARTY-OPPONENT IN A CRIMINAL PROCEEDING."
 {¶ 6} In its sole assignment of error, the state argues that the common pleas court erred in admitting appellee's testimony as to statements one of the alleged victims made to him. Appellee's testimony implied that the alleged victim had a motive for fabricating allegations against appellee. According to the state, the court erroneously ruled that the alleged victim's statements were admissible under Evid.R. 801(D)(2) as admissions by a party-opponent.
 {¶ 7} Initially, we note that we have the authority to hear this appeal. As we have previously stated, "[a] court of appeals has discretionary authority pursuant to R.C. 2945.67(A) to review substantive law rulings made in a criminal case which result in a judgment of acquittal so long as the judgment itself is not appealed." In re Bennett (1999), 134 Ohio App.3d 699, 701, quoting State v. Bistricky (1990), 51 Ohio St.3d 157, syllabus. Though the principles of double jeopardy bar re-trial, an appellate court's disposition of such appeals does not result in an advisory opinion where the underlying question is capable of repetition yet evading review. Id. at 158-159. We find the evidentiary issue before this court to be capable of repetition yet evading review, see Bennett at 701 (reaching same conclusion with respect to evidence admissibility issue), and therefore exercise our discretion to hear this appeal.
 {¶ 8} This court has held that a "victim is not a party opponent," and that "[o]ut of court statements of a victim are not statements of a party opponent." State v. Browning (Dec. 19, 1994), Clermont App. No. CA94-04-022, 1994 WL 704903, *2. Two other courts of appeals addressing the issue have reached the same conclusion. See State v. McMannis, Franklin App. No. 01AP-413, 2001-Ohio-4279, ¶ 58; State v. Dinwiddie (Sept. 16, 1987), Summit App. No. 12876, 1987 WL 16994, *2. We find no compelling reason to reconsider our decision in Browning, and therefore hold that the common pleas court erred in admitting appellee's testimony. We re-affirm our holding in Browning that an alleged victim who testifies as a witness for the state is not a party-opponent within the meaning of Evid.R. 801(D)(2)
 {¶ 9} Accordingly, we sustain the state's sole assignment of error. However, because appellee cannot be re-tried for the unlawful sexual conduct with a minor count, the two contributing to the unruliness or delinquency of a child counts, the possession of intoxicating liquor count, and the possession of marijuana count due to the principles of double jeopardy, seeBistricky, 51 Ohio St.3d at 158, we must affirm appellee's acquittals of those counts. See Bennett, 134 Ohio App.3d at 702
(finding merit in state's sole assignment of error, but affirming defendant's acquittal). As noted by the state in its brief, this appeal does not affect the gross sexual imposition count as to which the common pleas court declared a mistrial.[1]
 {¶ 10} Judgment affirmed.
Walsh and Bressler, JJ., concur.
[1] The record shows that, after the state filed its appeal, appellee was re-tried and acquitted of the gross sexual imposition count.