DECISION AND JOURNAL ENTRY *Page 2 
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Lance Mathis was convicted of one count of trafficking in marijuana and one count of possession of marijuana after police officers entered his house to investigate a domestic violence call and discovered clumps of marijuana on the floor in plain view. The officers obtained a search warrant and found packaged marijuana throughout the house and in a car in Mr. Mathis's garage. Following a bench trial, Mr. Mathis was found guilty and sentenced to a mandatory term of eight years on each count, to be served concurrently. He has appealed his conviction, arguing that the trial court abused its discretion in allowing the State to reopen its case after Mr. Mathis's motion for acquittal, that the evidence was *Page 2 
insufficient to sustain the conviction because the marijuana was identified based on random samplings and no signed laboratory report was presented as to the weight of the marijuana, and that the trial court erred in denying Mr. Mathis's motion to have the marijuana independently weighed. This Court affirms the trial court's judgment because it did not abuse its discretion in allowing the State to reopen its case, the random sampling was sufficient to identify the seized substance as marijuana, no laboratory report was required to establish the weight of the marijuana seized, and Mr. Mathis did not comply with the statutory requirements to obtain an independent measurement of the quantity of marijuana seized.
 I. {¶ 2} Mr. Mathis was arrested on January 9, 2004, after police officers discovered a large quantity of marijuana in his house and in a car in a detached garage on the property. He was indicted for violating Section 2925.03(A)(2) of the Ohio Revised Code by trafficking in marijuana and Section 2925.11(A) of the Ohio Revised Code by possessing marijuana. The trial court suppressed the evidence against him, and the State appealed to this Court, which reversed the trial court's ruling and remanded the case for trial. State v. Mathis, Summit App. Nos. 22039/22040, 2004-Ohio-6749. Mr. Mathis waived his right to a jury trial and was tried to the court. The trial court found him guilty on both counts. He was *Page 3 
sentenced to a mandatory term of eight years in prison on each count, to be served concurrently. He has raised three assignments of error on appeal.
 II. A. {¶ 3} Mr. Mathis's first assignment of error is that the trial court incorrectly allowed the State to reopen its case. In order to obtain a second degree felony conviction under Section 2925.03 or Section2925.11, the State had to prove that Mr. Mathis had possessed at least 20,000 grams of marijuana.
 {¶ 4} Sergeant Jason Malick of the Akron Police Department testified that the police found 112 bricks of marijuana in the car in the garage. He identified 87 of these bricks and testified that they weighed about 454 grams each, or about one pound, plus 14 bricks that weighed about 238 grams each, or about one half pound. After the State presented its evidence, Mr. Mathis moved for a judgment of acquittal, arguing that the State had not proven how much the marijuana weighed. The State moved to reopen its case, and the trial court granted this motion, allowing the State to again call Sergeant Malick to the stand. When he testified the second time, Sergeant Malick described how the marijuana was weighed, testified that he had helped to weigh the marijuana, and specifically testified that the marijuana weighed well in excess of 20,000 grams.
 {¶ 5} A trial court's decision to allow the State to reopen its case following a defendant's Rule 29 motion for acquittal will not be reversed absent *Page 4 
an abuse of discretion. State v. Nerren, Wayne App. No. 05CA0052,2006-Ohio-2855 at ¶ 14. For this Court to conclude that a trial court abused its discretion, it must determine that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore,5 Ohio St. 3d 217, 219 (1983).
 {¶ 6} In State v. Nerren, Wayne App. No. 05CA0052, 2006-Ohio-2855
at ¶ 14, this Court held that the trial court did not abuse its discretion in admitting additional testimony from the State after the defendant's Rule 29 motion:
 This is not the case where the State was permitted to reopen its case after further opportunity to obtain the necessary evidence. Rather, it was a case of mere oversight by the State which had already obtained the necessary evidence through its prior investigation of the incident and preparation for trial. When the trial court allowed the State to reopen its case under these circumstances, it appropriately enabled the trier of fact to hear all available relevant evidence in the interest of justice.
Sergeant Malick initially identified 87 bricks of marijuana weighing about 454 grams each (although a police evidence report listed these bricks at 464 grams each) and 14 bricks weighing about 238 grams each. The total weight of this marijuana, not including the marijuana found in bags in the house and in the car, was 42,830 grams. The State, therefore, presented evidence that the marijuana found at the scene weighed more than 20,000 grams. After the State's case was reopened, Sergeant Malick testified that he had participated in weighing the marijuana, that all of the marijuana was weighed, and that the total weight was well in excess of 20,000 grams. His testimony at this point in the trial served two purposes. The first was to show that the evidence of the weight was based on *Page 5 
Sergeant Malick's own observations rather than hearsay. The second was to show that Sergeant Malick weighed all of the marijuana and that his prior approximations as to the weight of each brick were averages, based on dividing the total weight of the bricks by the number of bricks. They were not mere estimates based on weighing one or two bricks and approximating the weights of similarly sized bricks. When Sergeant Malick testified the second time, he testified to the contents of the evidence report:
 Q. Now, approximately 464, why was that written?
 A. Because that's — 464, if you take the total amount that we put on the scale and divide it by the amount of bricks that are there, which is the same size, that's how you tell that they are approximately 464.
 {¶ 7} Testimony as to the weight of the marijuana was already present for the trier of fact to consider after Sergeant Malick testified the first time; the judge could simply multiply the weight stated for each brick by the number of bricks and arrive at a figure more than twice the 20,000 grams needed to convict Mr. Mathis. The subsequent testimony showed the basis for determining the weight of each brick, specifically, the average derived from the total weight of all the bricks, which Sergeant Malick found by weighing all of the bricks. The trial court did not abuse its discretion in allowing the State to reopen its case to offer this testimony. The first assignment of error is overruled. *Page 6 
 B. {¶ 8} Mr. Mathis's second assignment of error is that the state did not present sufficient evidence that all of the seized substance was marijuana and that the marijuana seized weighed at least 20,000 grams. "The test for `insufficient evidence' requires the court to view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Leggett, Summit App. No. 18303, 1997 WL 775688 at *2 (Oct. 29, 1997). This Court must determine, as a matter of law, whether the evidence was legally sufficient to support a conviction. Id. "In essence, sufficiency is a test of adequacy." State v. Thompkins, 78 Ohio St. 3d 380, 386 (1997).
 {¶ 9} Mr. Mathis has argued that the state failed to establish that the marijuana had been weighed under controlled laboratory conditions. Section 2925.51(A) of the Ohio Revised Code provides that certain laboratory reports are prima facie evidence of the weight and identity of controlled substances:
 In any criminal prosecution for a violation of this chapter . . . a laboratory report from the bureau of criminal identification and investigation, a laboratory operated by another law enforcement agency, or a laboratory established by or under the authority of an [accredited] institution of higher education that has its main campus in this state . . . primarily for the purpose of providing scientific services to law enforcement agencies and signed by the person performing the analysis, stating that the substance that is the basis of the alleged offense has been weighed and analyzed and stating the findings as to the content, weight, and identity of the substance and that it contains any amount of a controlled substance and the number and description of unit dosages, is prima-facie evidence of the *Page 7 
content, identity, and weight or the existence and number of unit dosages of the substance.
Although such a report is prima facie evidence of the weight of the substance, the statute does not provide that the only permissible way to establish that weight is by offering such reports. In re Bennett, 134 Ohio App. 3d 699, 702 (1999). In this case, Sergeant Malick testified that he had participated in weighing the marijuana seized from the scene and that the total weight was well in excess of 20,000 grams. His testimony was sufficient to establish the weight of the marijuana.
 {¶ 10} Mr. Mathis has also argued that the marijuana was improperly weighed because the police officers did not remove it from the wrappers and bags before weighing it. According to him, without knowing the weight of the packaging materials, it was impossible to know the weight of the marijuana. Nevertheless, Sergeant Malick testified that, even if the wrappers had been removed from the marijuana, "it wouldn't even put a dent in the total amount of weight." He testified that 87 bricks of marijuana were found in the car weighing an average of 454 grams each, or approximately one pound, plus 14 bricks weighing 238 grams each, or approximately one half pound. The total weight of these bricks alone would be 42,830 grams, or more than twice the 20,000 grams needed to support a conviction, and this weight does not include the marijuana that had been packaged in bags instead of bricks. In order for the wrappers and bags to make any meaningful difference in the measurements, based on the quantity of marijuana found, the packaging materials would have had to weigh significantly *Page 8 
more than the marijuana itself. The marijuana bricks and the bags of marijuana were entered into evidence for the trier of fact to examine. Based on the physical evidence and Sergeant Malick's testimony, a reasonable trier of fact could have found that the marijuana weighed more than 20,000 grams. There was no need to weigh the packaging materials separately, as the trier of fact could have determined from Sergeant Malick's testimony and from examining the physical evidence that the packaging materials did not account for the large difference between the total weight of the packaged marijuana and the 20,000 grams required to convict Mr. Mathis.
 {¶ 11} Mr. Mathis has next argued that there was insufficient evidence for the trier of fact to conclude that all of the substance found at the scene was marijuana. Detective Donnie Williams testified that he took samples from one brick of marijuana and from several of the bags of marijuana found at the scene, performed visual and chemical tests on those samples, and determined that they were marijuana. Mr. Mathis has argued that, because Detective Williams did not test the contents of the other bricks, there was no evidence that those bricks were marijuana.
 {¶ 12} This Court has previously held that a scientific analysis of a random sampling of pills from a bulk quantity is sufficient to support an inference that all of the pills contain the same drug, if the defendant offers no rebuttal. State v. Rush, Lorain App. Nos. 3809/3818,1985 WL 11030 at *4 (July 31, 1985). Other *Page 9 
courts have held that when the contents of two packets of a substance test positive for cocaine, this evidence supports a finding that identical packets seized at the same time from the same location also contain cocaine. State v. Smith, Cuyahoga App. No. 57572, 1990 WL 145618
at *1 (Oct. 4, 1990). Furthermore, an experienced police officer can identify marijuana, and an officer's testimony is sufficient to support a finding that a substance is marijuana even without a laboratory test.State v. Maupin, 42 Ohio St. 2d 473, 479 (1975).
 {¶ 13} In this case, chemical and visual tests confirmed that a number of bags found in the house and in the car and one of the bricks found in the car contained marijuana. Many more bricks, similar in size, shape, and packaging to the one that was tested, were also found in the car along with the brick that was tested. Police officers testified that they found golf ball sized clumps of marijuana on the living room floor and a trail of marijuana leading to the basement. The odor of marijuana in the house was so strong that the officers could smell it outside the house when the door was opened. The trier of fact could have reasonably inferred that all of the bricks found at the scene were marijuana. Mr. Mathis's second assignment of error is overruled.
 C. {¶ 14} Mr. Mathis's final assignment of error is that the trial court incorrectly denied his motion for an independent weight analysis of the marijuana. *Page 10 
Section 2925.51(F) provides that a defendant may obtain an independent analysis
by making a written request:
 [A]ny person who is accused of a violation of this chapter . . . that involves a bulk amount of a controlled substance, or any multiple thereof, or who is accused of a violation of section 2925.11 of the Revised Code, other than a minor misdemeanor violation, that involves marihuana, is entitled, upon written request made to the prosecuting attorney, to have a laboratory analyst of the accused's choice, or, if the accused is indigent, a qualified laboratory analyst appointed by the court present at a measurement or weighing of the substance that is the basis of the alleged violation.
Mr. Mathis has acknowledged that he did not request the independent measurement in writing as the statute requires. Instead, he orally moved the trial court for the analysis after the court had granted the State's motion to reopen its case. Mr. Mathis has argued, however, that Sergeant Malick's weight analysis was "unscientific" and that he did not discover until trial that a qualified laboratory expert had not weighed the marijuana more accurately. He has asserted that the need for an independent measurement did not arise until this information was divulged at trial.
 {¶ 15} Mr. Mathis has essentially asked this Court to ignore the requirements of Section 2925.51(F) simply because he did not question the accuracy of the police department's measurements before trial. In any case, the Akron Police Department prepared a report on August 28, 2006, based on Sergeant Malick's measurements, and trial commenced on October 18, 2006. This gave Mr. Mathis ample time to find out how the marijuana was weighed, *Page 11 
determine whether it would be beneficial to weigh the marijuana independently, and request an independent measurement in writing before the trial. Even without an independent measurement, Mr. Mathis made full use of the opportunity to cross-examine Sergeant Malick as to the accuracy of his measurements, asking whether the scales had been sealed and calibrated and whether the packaging of the drugs could have made a difference. The trial court nevertheless believed Sergeant Malick's measurements to be accurate enough to show that the weight of the marijuana exceeded 20,000 grams. The third assignment of error is overruled.
 III. {¶ 16} Mr. Mathis's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of
 Court of Appeals of Ohio, Ninth Judicial District *Page 12 
Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to appellant. *Page 1