DECISION AND JOURNAL ENTRY
{¶ 1} Defendant/Appellant, Lance Mathis, appeals his conviction in the Summit County Court of Common Pleas. We reverse and remand.
 {¶ 2} Defendant was indicted on January 12, 2004, for one count of trafficking in marijuana in violation of R.C. 2925.03(A)(2), and one count of possession of marijuana in violation of R.C. 2925.11(A), both second-degree felonies. Defendant was convicted by a jury of both counts on October 18, 2006. Defendant appealed his conviction to this Court, and we affirmed on May 16, 2007, in State v. Mathis, 9th Dist. No. 23507, 2007-Ohio-2345.
 {¶ 3} On August 14, 2007, Defendant timely applied for reopening of his appeal pursuant to App. R. 26(B), alleging that he received ineffective assistance of appellate counsel because the same lawyer who represented him in the trial court also represented him on appeal and failed to assign as error his own ineffectiveness before the trial court. Specifically, Defendant asserts that trial counsel failed to object when the trial court, contrary to *Page 2 
R.C. 2941.25(A), convicted him of two allied offenses of similar import and that this issue was not raised on appeal. This Court granted Defendant's motion for reopening on October 19, 2007, on the sole issue of the ineffective assistance of Defendant's trial counsel. Defendant timely filed his appellate brief and the State timely responded. Defendant raises two assignments or error, which we will discuss simultaneously, related to whether Defendant was denied effective assistance of trial counsel.
 Assignment of Error I "Possession of drugs, as defined by R.C. 2925.11(A), and drug trafficking, under R.C. 2925.03(A)(2), are allied offenses of similar import; and a defendant cannot be convicted of both if the charges originate from the same conduct. R.C. 2941.25(A)(B). A defendant's right to due process and right to be free from double jeopardy is violated when he or she receives multiple convictions on the two charges that are allied offenses of similar import."
 Assignment of Error II "A defendant is denied effective assistance of trial counsel when trial counsel fails to raise an objection to an illegal conviction and sentence, thus abrogating that defendant's right to properly raise that issue on appeal."
 {¶ 4} Defendant asserts that he was denied the effective assistance of trial counsel when counsel did not object to the trial court sentencing him for both allied offenses of similar import.
 {¶ 5} We begin by holding that, under the facts of this case, a violation of R.C. 2925.03(A)(2) resulted in a violation of R.C. 2925.11(A) and therefore, trafficking in drugs and possession of marijuana were allied offenses of similar import. State v.Cabrales, 1st Dist. No. C-050682, 2007-Oho-857, at ¶ 36, affirmed byState v. Cabrales, 110 Ohio St.3d 54, 2008-Ohio-1625 (holding that "trafficking in a controlled substance under R.C. 2925.03(A)(2) and possession of that same controlled substance under R.C. 2925.11(A) are allied offenses of similar import because commission of the first offense necessarily results in commission of the second." (Emphasis sic.) Id. at ¶ 30.) Here, the marijuana possessed and trafficked was the same *Page 3 
marijuana. Thus, under the facts of this case, the two offenses are allied offenses of similar import.
 {¶ 6} "This [C]ourt analyzes claims of ineffective assistance of counsel under a standard of objective reasonableness." State v.Myers, 9th Dist. No. 23853, 2008-Ohio-1913, at ¶ 28, citingStrickland v. Washington (1984), 466 U.S. 668, 688 and State v.Bradley (1989), 42 Ohio St.3d 136, 142. To meet this standard, a defendant must demonstrate a deficiency in counsel's performance "so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment" and that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]"Strickland, 466 U.S. at 687. "A defendant must demonstrate prejudice by showing that, but for counsel's errors, there is a reasonable possibility that the outcome of the trial would have been different."Myers at ¶ 28, citing Strickland, 466 U.S. at 694.
 {¶ 7} We initially note that although Defendant was sentenced for both offenses, his sentences were to be served concurrently. This Court has held that "plain error does not exist when concurrent sentences are imposed for crimes that constitute allied offenses of similar import."State v. Baker, 9th Dist. No. 23840, 2008-Ohio-1909, at ¶ 31, quotingState v. Wharton, 9th Dist. No. 23300, 2007-Ohio-1817, at ¶ 7. However, plain error is a higher standard than that required underStrickland. State v. Ruby, 149 Ohio App.3d 541, 2002-Ohio-5381, at ¶ 57-59. Moreover, the Supreme Court of Ohio has stated that "a person convicted of a felony has a substantial stake in the judgment of conviction[.]" State v. Golston (1994), 71 Ohio St.3d 224, 227.
 {¶ 8} "[T]he Ohio Supreme Court has specifically held that a failure to object to sentencing errors in the context of allied offenses will constitute a waiver of such errors." State v. *Page 4 Riley, 9th Dist. No. 21852, 2004-Ohio-4880, at ¶ 27, citing State v.Comen (1990), 50 Ohio St.3d 206, 211. Thus, trial counsel's failure to object to Defendant's sentence for offenses of similar import constituted a forfeiture of this sentencing issue on appeal. Inasmuch as it is reversible error for a trial court to convict and impose sentence for offenses of similar import, trial counsel's failure to object demonstrates a serious deficiency in trial counsel's performance. SeeState v. Rance (1999), 85 Ohio St.3d 632, 634 (holding that "the double jeopardy protections afforded by the federal and state Constitutions guard citizens against both successive prosecutions and cumulative punishments for the `same offense.'" Id., citing State v. Moss (1982),69 Ohio St.2d 515, 518). Accordingly, but for trial counsel's failure to object to Defendant's conviction and sentence, there is a reasonable probability that the outcome of Defendant's trial would have been different. Strickland, 466 U.S. at 694.
 {¶ 9} Defendant's assignments of error are sustained. The judgment of the trial court is reversed, and this matter is remanded for the trial court for proceedings consistent with this opinion.
Judgement reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the *Page 5 
period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. Costs taxed to Appellee.
 CARR, P. J. WHITMORE, J., CONCUR *Page 1