[Cite as *State v. Reye*, 2016-Ohio-3495.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 15CA010770 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SEAN P. REYE | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 14CR089897 |

DECISION AND JOURNAL ENTRY

Dated: June 20, 2016

SCHAFER, Judge.

{¶1} Defendant-Appellant, Sean Reye, appeals the judgment of the Lorain County Court of Common Pleas convicting him of marijuana possession and possession of drug paraphernalia. For the reasons that follow, we affirm.

I.

{¶2} The Lorain County Grand Jury indicted Reye on several offenses, including possession of marijuana in violation of R.C. 2925.11(A), a felony of the fifth degree, and possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree. The charges stemmed from an incident at the residence of Reyes' parents. Police responded to the residence after Reye's stepfather and mother called to report that one of the family's guns was missing and that they were concerned about Reye's mental state. Upon arriving at the residence, Reye's parents consented to the search of Reye's bedroom. During the search, North Ridgeville Patrolman Aaron Neff found "vegetable matter" that he said was

marijuana. Some of the marijuana was found in a large PVC pipe and some was in a Tupperware container that was found under Reye's bed. Officer Neff also discovered several smoking devices that contained marijuana residue or marijuana.

{¶3} Officer Neff conducted field testing, which revealed that the vegetable matter was indeed marijuana. He also weighed the vegetable matter and the total weight came in as 416.10 grams. After conducting these tests, Patrolman Neff handed the vegetable matter and smoking devices over to Detective Joshua Riley for booking into evidence. Detective Riley did not send the vegetable matter to BCI for further testing.

{¶4} Reye waived his right to trial by jury and the matter was tried to the bench. The trial court dismissed several of the charges in the indictment after Reye made a Crim.R. 29 motion for acquittal. The trial court subsequently entered findings of guilt on the remaining charges of marijuana possession and drug paraphernalia possession. In addressing the marijuana possession charge, the court stated as follows:

> [H]ad this been a close case where the amount in question was a difference between a few, you know, grams or something, but this was, the weight was found to be 400, and the range here was anywhere from 200, over 200 and less than a thousand. And, likewise, the drug in question was marijuana, which I think that the testimony from the police, that they established a sufficient background that they could identify marijuana, the marijuana itself or the alleged marijuana was indeed an exhibit for the Court to look at as well, and you know, the Court felt that – you know, the burden of proof is to prove beyond a reasonable doubt, * * * and for me to look at that, which I recognized as marijuana, as the police officers recognize as marijuana and smelled like marijuana, * * * for me to say it might not be marijuana I'd be having to make up – I'd have to be guessing, speculating outside what I know to be true, so I had no doubt that it was marijuana.

The trial court then imposed a three-year term of community control sanctions.

{¶5} Reye filed this timely appeal, which presents two assignments of error for our review. We note that Reye has failed to separately argue his assignments of error as required by

App.R. 16(A)(7). Although App.R. 12(A)(2) provides us the authority to disregard his assignments of error on this basis, we may still address the assignments in the interest of justice. *See Comisford v. Erie Ins. Property Cas. Co.*, 4th Dist. Gallia No. 10CA3, 2011-Ohio-1373, ¶ 29. Since the body of Reye's appellate brief discloses which portions relate to the first assignment of error and which portions relate to the second assignment of error, we elect to address the merits of both assignments of error in the interests of justice. In so doing, we elect to address the second assignment of error first because it relates to the quantum of evidence properly before the trial court.

II.

### Assignment of Error II

**The trial court erred by finding Appellant Sean P. Reye guilty of fifth-degree felony possession of drugs in violation of R.C. 2925.11(A) because it abused its discretion by allowing the police to testify regarding the identification of the substance found in Reye's room as marijuana and that the alleged drug paraphernalia contained residue because the proper foundation was not laid.**

{¶6} In his second assignment of error, Reye argues that the trial court abused its discretion in allowing Officer Neff and Detective Riley to testify that the seized substance was marijuana and that the seized smoking devices contained marijuana residue and marijuana. Specifically, he argues that the testimony should have been excluded because the State failed to lay a proper foundation for it. Since Reye failed to preserve this issue for appellate review, we disagree.

{¶7} Initially, we must outline the scope of our review on this point. Reye argues that the testimony of Officer Neff and Detective Riley cannot satisfy the foundational requirements for either expert testimony or lay opinion testimony. But, the record discloses that the State offered the testimony as lay opinion testimony and that the trial court accepted the testimony on

this basis. Consequently, we limit our review to foundational requirements for lay opinion testimony.

{¶8} "Courts have held that the government may establish the identity of a drug through cumulative circumstantial evidence." *State v. Montoya*, 12th Dist. Clermont No. CA2012-02-015, 2013-Ohio-3312, ¶ 43. As a result, lay witnesses can "express an opinion on the identity of a controlled substance if a foundation for this testimony is first established." *State v. McKee*, 91 Ohio St.3d 292 (2001), syllabus. Thus, to provide the necessary foundational basis, the proponent of the lay testimony must satisfy the requirements for opinion testimony outlined in Evid.R. 701, which provides as follows:

> If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

{¶9} During Officer Neff's testimony, he stated that he found "[s]everal grams of marijuana" in Reye's bedroom. Reye's trial counsel objected on the basis that there was "no foundation to conclude that [the seized substance was] marijuana." The trial judge then allowed the assistant prosecutor to further inquire regarding Officer Neff's ability to identify the substance found in Reye's bedroom. After that point, Officer Neff testified that he has 13 years of police experience, including four years as an officer in Texas, where he patrolled Interstate 20 and became "very familiar with marijuana." He indicated that as part of his training, he learned how to identify drugs and that he is able to identify the odor of burnt and fresh marijuana. After this foundation was laid, Officer Neff said that he concluded that the substance he found in Reye's bedroom was marijuana. Reye's trial counsel did not renew his objection at this point for lack of foundation or ask the trial court to strike Officer Neff's testimony regarding his identification of the substance.

**{¶10}** Detective Riley's testimony followed a similar path. Reye's trial counsel initially objected for lack of foundation and the trial judge allowed the assistant prosecutor to further inquire. Detective Riley subsequently testified to his experience handling drug cases and his experience with marijuana. And, he indicated that based on this experience, he identified the substance from Reye's bedroom as marijuana. Like Officer Neff's testimony, Reye's trial counsel did not renew his objection at this point or ask that the trial court strike the identification of the substance. Moreover, at the close of evidence, when the State offered the seized substance into evidence based on the officers' testimonies, Reye's trial counsel did not object.

**{¶11}** A party's failure to object to testimony on the basis that it lacked the necessary foundation results in the forfeiture of all but plain error. *See State v. Smith*, 9th Dist. Wayne Nos. 01CA0039, 01CA0055, 2002-Ohio-4402, ¶ 64, citing *State v. McKee*, 91 Ohio St.3d at 294. By failing to renew his objection after both Officer Neff and Detective Riley testified to their ability to identify marijuana, Reye has forfeited all but plain error. Nevertheless, on appeal, Reye has not argued the existence of plain error in the admission of Officer Neff's and Detective Riley's testimony. "This Court has repeatedly noted that it will not sua sponte fashion an unraised plain error argument and then address it." *State v. Jacobs*, 9th Dist. Summit No. 27545, 2015-Ohio-4353, ¶ 33. Consequently, "as [Reye] failed to develop his plain error argument, we do not reach the merits and decline to address this argument." *State v. Hairston*, 9th Dist. Lorain No. 05CA008768, 2006-Ohio-4925, ¶ 11.

**{¶12}** Accordingly, we overrule Reye's second assignment of error.

### Assignment of Error I

**The trial court erred by the manifest weight and the sufficiency of the evidence in finding Appellant Sean P. Reye guilty of fifth-degree felony possession of drugs in violation of R.C. 2925.11(A) and fourth-degree**

**misdemeanor drug paraphernalia possession because the State failed to present sufficient evidence at trial to sustain a conviction on those charges.**

{¶13} In his first assignment of error, Reye challenges the sufficiency and the manifest weight of the evidence supporting his convictions. We disagree.

### A. Standard of Review

{¶14} A sufficiency challenge to a criminal conviction presents a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In carrying out this review, our "function * * * is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. After such an examination and taking the evidence in the light most favorable to the State, we must decide whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* Although we conduct de novo review when considering a sufficiency of the evidence challenge, we "neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." (Internal quotation omitted.) *State v. Jarvis*, 9th Dist. Lorain No. 14CA010667, 2015-Ohio-4219, ¶ 10.

{¶15} A sufficiency challenge is legally distinct from a manifest weight challenge. *Thompkins* at 387. Accordingly, when applying the manifest weight standard, we are required to consider the whole record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Courts are cautioned to only reverse a conviction on manifest weight grounds "in exceptional

cases," *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5786, ¶ 32, citing *Otten* at 340, where the evidence "weighs heavily against the conviction," *Thompkins* at 387.

**{¶16}** When performing our sufficiency and manifest weight analysis in this matter, we must consider the statutory elements for both of Reye's convictions. Reye's two convictions were for fifth-degree-felony-marijuana possession and fourth-degree-misdemeanor-possession of drug paraphernalia. Marijuana possession is proscribed in R.C. 2925.11(A), which states that "[n]o person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analogue." R.C. 2925.11(C)(3)(c) provides that if the amount of marijuana involved is more than 200 grams but less than 1,000 grams, the offense is a fifth-degree felony. Possession of drug paraphernalia is proscribed in R.C. 2925.14(C)(1), which states that "no person shall knowingly use, or possess with purpose to use, drug paraphernalia."

**{¶17}** "Possess," for the purposes of these statutes, is defined as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). "Knowingly" is defined in former R.C. 2901.22(B)[1] as follows: "A person acts knowingly, regardless of purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." With this standard of review and these statutory requirements in mind, we turn to Reye's sufficiency and manifest weight arguments.

---

[1] S.B. 361, effective March 23, 2015, amended R.C. 2901.22's definitions of culpable mental states, including the provision for "knowingly." Since the charged offenses in this matter occurred before S.B. 361's effective date, we rely on the previous version of the statutory language.

### B. The Evidence Supports Reye's Marijuana Possession Conviction

{¶18} Reye's sufficiency and manifest weight challenge to his marijuana possession charge rests on the following arguments: (1) that there was insufficient evidence that the seized substance from his bedroom was marijuana; (2) that there was insufficient evidence that he possessed the marijuana; and (3) there was insufficient evidence that the seized marijuana weighed more than 200 grams. We reject each of these arguments.

### 1. Evidence Regarding the Identity of the Seized Substance

{¶19} In arguing that there was insufficient evidence regarding the identity of the seized substance, Reye again asserts, like he did in the second assignment of error, that the officers could not testify to the identity of the substance. He also points out that the State failed to offer a laboratory test confirming that the substance was indeed marijuana.

{¶20} But, as discussed in our resolution of the second assignment of error, Reye failed to properly preserve the purported lack of foundation for the officers' testimony about the identity of the marijuana and marijuana residue. And, after both officers explicitly testified to their experience and ability to identify marijuana, they both indicated that the seized substance from Reye's bedroom was indeed marijuana. This testimony was sufficient to establish that the seized substance was marijuana. Further, the lack of a laboratory test to confirm the officers' testimony regarding the identity of marijuana is immaterial to this determination. *See State v. Mathis*, 9th Dist. Summit No. 23507, 2007-Ohio-2345, ¶ 12 ("Furthermore, an experienced police officer can identify marijuana, and an officer's testimony is sufficient to support a finding that a substance is marijuana without a laboratory test."), citing *State v. Maupin*, 42 Ohio St.2d 473, 478-479 (1975) (rejecting the defendant's argument that there was insufficient evidence to support identification of substance as marijuana because there was no chemical or scientific

analysis offered into evidence); *In re Bennett*, 134 Ohio App.3d 699, 701 (12th Dist.1999) ("We reject the trial court's ruling that [the witness]'s identification testimony at trial was inadmissible because the substance [marijuana] had not been analyzed in a laboratory by a chemist"). Consequently, we determine that the State offered sufficient evidence to prove that the substance seized from Reye's bedroom was marijuana.

## 2. Evidence of Marijuana Possession

{¶21} Reye's second argument regarding the evidence of possession is also unavailing. On this point, he contends that because several other individuals reside at his parents' residence, there is insufficient evidence that he possessed the marijuana. When considering Reye's argument, we are mindful that "a person may knowingly possess a substance or object through either actual or constructive possession." (Internal quotation omitted.) *State v. Barger*, 9th Dist. Medina No. 14CA0074-M, 2016-Ohio-443, ¶ 25. "Constructive possession exists when an individual knowingly exercises dominion or control over an object, even though the object may not be within his immediate physical possession." *State v. Hankerson*, 70 Ohio St.2d 87 (1982), syllabus.

{¶22} A review of the record here reveals that the State offered sufficient evidence to establish Reye's constructive possession of the seized marijuana. Officer Neff indicated that he seized marijuana from Reye's bedroom and that some of it was stored in a Tupperware container underneath the bed. Reye's stepfather confirmed that the marijuana was found in Reye's bedroom. The stepfather also indicated that the seized marijuana did not belong to him. As to Reye's access to the room, his stepfather testified as follows:

Q:      Okay. And is [Reye] the only one who really has access to that room?

A:      Well, when he has it locked up, we've asked him for, to have a key available just in an emergency and for if we had to close the windows.

Q:  But he kind of keeps to himself when he comes to his room?

A:  Oh, yeah.

Reye's stepfather said that beside Reye, his wife and his son went into the bedroom before the police's discovery of the marijuana and paraphernalia. However, Reye's stepfather said that his wife was there to just close the windows and that his son was there to put away the firearms that were lying out in the bedroom. Based on this evidence, the trier of fact could reasonably conclude that Reye exercised dominion over the bedroom and that he kept other occupants of the residence from entering it except for limited purposes. Consequently, there was sufficient evidence to support the trial court's finding that Reye constructively possessed the marijuana found within his bedroom. *See State v. Amodio*, 9th Dist. Medina No. 11CA0048-M, 2012-Ohio-2682, ¶ 19 (concluding that there was sufficient evidence to support drug possession conviction where police discovered burnt spoons with residue and syringes in the nightstand directly next to the defendant's bed); *State v. Moses*, 5th Dist. Stark No. 2003CA00380, 2004-Ohio-4943, ¶ 9 (determining that marijuana possession conviction was not against the manifest weight of the evidence where marijuana was found in the defendant's bedroom). *Compare State v. Haynes*, 25 Ohio St.2d 264, 270 (1971) (determining that there was insufficient evidence to support marijuana possession conviction since the only evidence offered by State was that the defendant was the lessee of the premises where marijuana was found) *with State v. Stowers*, 9th Dist. Wayne No. 07CA0041, 2008-Ohio-1006, ¶ 18 (determining that jury did not lose its way in finding that the defendant constructively possessed cocaine since the house where the cocaine was found "had drugs or drug paraphernalia in four different rooms, including [the defendant's] bedroom").

{¶23} Reye also challenges the trial court's finding that he possessed the seized marijuana on manifest weight grounds. However, the manifest weight challenge rests on the same grounds as the sufficiency challenge. Accordingly, we must likewise reject Reye's manifest weight challenge. *See State v. Henry*, 9th Dist. Summit No. 27758, 2016-Ohio-680, ¶ 17.

### 3. Evidence of the Seized Marijuana's Weight

{¶24} Reye's final challenge to his marijuana possession conviction is his assertion that there was insufficient evidence to support a finding that the seized marijuana from his bedroom weighed more than 200 grams. On this point, Reye relies on the fact that no laboratory test was offered regarding the weight of the marijuana, which he contends is required under R.C. 2925.51. We disagree.

{¶25} R.C. 2925.51(A) provides that a laboratory report from a qualified agency "is prima-facie evidence of the content, identity, and weight or the existence and number of unit dosages of the substance." We have previously rejected the view that this statute "exclud[es] all other forms of proof other than laboratory results[.]" *State v. Gerhart*, 9th Dist. Summit No. 24384, 2009-Ohio-4165, ¶ 30. Instead, we have adopted the view that while a laboratory "report is prima facie evidence of the weight of the substance, the statute does not provide that the only permissible way to establish the weight is by offering such reports." *Mathis*, 2007-Ohio-2345, at ¶ 9; *see also Gerhart* at ¶ 31 ("Ohio courts rely on the testimony of law enforcement officials when dealing with drug-related cases."). As a result, in *Mathis*, we concluded that the State offered sufficient evidence regarding the weight of the seized marijuana in that matter because a police officer "testified that he had participated in weighing the marijuana seized from the scene and that the total weight was well in excess of 20,000 grams." *Mathis* at ¶ 9.

**{¶26}** This matter implicates similar facts to those presented in *Mathis*, which compels us to reach the same conclusion here. Officer Neff testified that he conducted a field test of the seized marijuana and weighed it. And, the total weight of the marijuana was calculated in the field test as 416.10 grams, well above the 200 gram requirement for a fifth-degree felony marijuana possession conviction. Reye did not object to the introduction of this testimony and he did not contest the procedures used by Officer Neff to weigh the marijuana in the field. Consequently, as in *Mathis*, we determine that Officer Neff's testimony was sufficient to establish the weight of the marijuana. *See id*. at ¶ 9.

**{¶27}** Reye also argues that the trial court's finding regarding the weight of the marijuana was against the manifest weight of the evidence. However, his manifest weight argument rests on the same basis as his sufficiency argument. Accordingly, we likewise reject it. *See Henry*, 2016-Ohio-680, at ¶ 17.

### C. The Evidence Supports Reye's Drug Paraphernalia Conviction

**{¶28}** Reye challenges his possession of drug paraphernalia conviction on two grounds: first, that there is insufficient evidence to support the trial court's finding that there was marijuana residue in the seized paraphernalia; and, second, that there is insufficient evidence of his possession of the seized paraphernalia. We reject both of these arguments for the same reasons that we rejected Reye's challenges to his marijuana possession conviction.

**{¶29}** Officer Neff testified to his ability to identify marijuana and he indicated that some of the seized smoking devices contained marijuana residue while others had marijuana in them. He also indicated that the seized smoking devices were found in Reye's bedroom in close proximity to where the marijuana was found. *See State v. Mack*, 9th Dist. Summit No. 26859, 2014-Ohio-1387, ¶ 9 ("[A] defendant who enjoys dominion and control over drug paraphernalia

in a residence may be found to have constructive possession."). In light of this testimony, as well as the testimony of Reye's stepfather discussed above, we conclude that there was sufficient evidence to support the trial court's findings that the seized paraphernalia contained marijuana or marijuana residue and that Reye constructively possessed it. *See Moses*, 2004-Ohio-4943, at ¶ 9 (determining that conviction for drug paraphernalia possession was not against the weight of the evidence where police discovered the paraphernalia in the defendant's bedroom). We also reject Reye's manifest weight challenge to his conviction for drug paraphernalia possession since it relies on the same grounds as his sufficiency challenge. *See Henry* at ¶ 17.

{¶30} To the extent that Reye's argument can be construed to challenge the credibility of the police officers, "[c]redibility determinations are primarily within the province of the trier of fact[,]" who is free to believe "all, part, or none of the testimony of each witness." *State v. Just,* 9th Dist. Wayne No. 12CA0002, 2012-Ohio-4094, ¶ 42; *State v. Cross,* 9th Dist. Summit No. 25487, 2011-Ohio-3250*, ¶* 35. "A conviction is not against the manifest weight because the jury chose to credit the State's version of events." *State v. Peasley*, 9th Dist. Summit No. 25062, 2010-Ohio-4333, ¶ 18.

{¶31} In sum, there is sufficient evidence in the record to support both of Reye's convictions. Additionally, his convictions are not against the manifest weight of the evidence. Accordingly, we overrule Reye's first assignment of error.

III.

{¶32} Having overruled both of Reye's assignments of error, we affirm the judgment of the Lorain County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER  
FOR THE COURT

CARR, P. J.  
HENSAL, J.  
CONCUR.

APPEARANCES:

MARK S. ONDREJECH, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.