[Cite as *State v. Dunn*, 2017-Ohio-8618.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 17CA0028-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DANNY L. DUNN, JR. | WADSWORTH MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 16CRB01037-A |

DECISION AND JOURNAL ENTRY

Dated: November 20, 2017

TEODOSIO, Judge.

**{¶1}** Defendant-Appellant, Danny Dunn, appeals from his conviction in the Wadsworth Municipal Court. This Court affirms.

I.

**{¶2}** Mr. Dunn was driving along Seville Road when Officer Keith Godwin ran his license plate and saw that his license was subject to a drug suspension. The officer then stopped Mr. Dunn, and Mr. Dunn produced his driving privileges. While the officer was verifying Mr. Dunn's driving privileges, a canine unit arrived, and the canine was led around Mr. Dunn's car. The canine ultimately alerted, and Officer Godwin searched the car. Inside the center console, he discovered a pill bottle that contained a small amount of green residue and smelled of raw marijuana. When Officer Godwin asked Mr. Dunn about the bottle, Mr. Dunn admitted that it belonged to him and that he had used it to store marijuana. Mr. Dunn claimed that the bottle was old and only present because he had not had a chance to clean out his car.

**{¶3}** Mr. Dunn was charged with a single count of possessing marijuana drug paraphernalia in violation of R.C. 2925.141(C). A bench trial occurred, following which the court found Mr. Dunn guilty. The court sentenced him to a fine and a license suspension. Upon motion, the court agreed to stay his sentence for purposes of an appeal.

**{¶4}** Mr. Dunn now appeals from his conviction and raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

WHERE THERE IS NOT SUFFICIENT EVIDENCE THAT APPELLANT POSSESSED A PILL BOTTLE "INTENDED BY THE PERSON FOR USE" AS CONTRABAND PER R.C. 2925.141(C) THE CHARGE IS NOT PROVEN BEYOND A REASONABLE DOUBT.

**{¶5}** In his sole assignment of error, Mr. Dunn argues that his conviction is based on insufficient evidence. Specifically, he argues that there was no evidence he knowingly possessed a pill bottle with the intention of using it to store marijuana. We disagree.

**{¶6}** "A sufficiency challenge of a criminal conviction presents a question of law, which we review de novo." *State v. Spear*, 9th Dist. Summit No. 28181, 2017-Ohio-169, ¶ 6, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). "Sufficiency concerns the burden of production and tests whether the prosecution presented adequate evidence for the case to go to the jury." *State v. Bressi*, 9th Dist. Summit No. 27575, 2016-Ohio-5211, ¶ 25, citing *Thompkins* at 386. "'The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *Id.*, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. In analyzing sufficiency, this Court "[does] not resolve

evidentiary conflicts or assess the credibility of witnesses, because these functions belong to the trier of fact." *State v. Hall*, 9th Dist. Summit No. 27827, 2017-Ohio-73, ¶ 10.

{¶7}    R.C. 2925.141(C) provides that

No person shall knowingly use, or possess with purpose to use, any drug paraphernalia that is equipment, a product, or material of any kind that is used by the person, intended by the person for use, or designed for use in storing, containing, [or] concealing * * * marihuana.

"Drug paraphernalia" has the same meaning under either R.C. 2925.141 or R.C. 2925.14, the statute applicable to the use or possession of non-marijuana drug paraphernalia. R.C. 2925.141(A). Likewise, the factors a court must consider for purposes of deciding whether an item constitutes drug paraphernalia are the same under either statute. *See* R.C. 2925.141(B). Those factors include any statement by the owner of the item at issue and the existence of any residue of a controlled substance on the equipment. R.C. 2925.14(B)(1), (4).

{¶8}    Officer Godwin testified that he initially stopped Mr. Dunn because he ran his license plate and discovered that his license was subject to a drug suspension. He testified that he searched Mr. Dunn's car because a fellow officer's canine had alerted to the presence of drugs in the car. During the search, he discovered a pill bottle in the center console. He stated that the bottle was not difficult to find and that he opened it because, in his experience, pill bottles are often used to conceal drugs. Inside the bottle, he smelled raw marijuana and saw "a little bit of green marijuana residue" at the bottom. Officer Godwin specified that he had been trained to recognize raw marijuana by both sight and smell.

{¶9}    After completing his search, Officer Godwin placed Mr. Dunn in the back of his cruiser and Mirandized him. He then asked Mr. Dunn about the pill bottle. According to Officer Godwin, Mr. Dunn stated that "he used to put marijuana in [the pill bottle]," but "it was old and

he hadn't had time to clean his car out yet." Accordingly, Mr. Dunn admitted that the bottle was his and that he had used it to transport marijuana.

{¶10} Mr. Dunn argues that his conviction is based on insufficient evidence because there was no evidence that he knowingly possessed the pill bottle with the intention of using it to store marijuana. He notes that he only admitted to having put marijuana in the bottle in the past. According to Mr. Dunn, there was no evidence that he knowingly possessed "any present purpose or had any intent whatsoever to use it presently or in the future for storing any marijuana." He further argues that his conviction cannot stand because the State did not test the residue in the bottle to confirm the presence of marijuana.

{¶11} Viewing the evidence in a light most favorable to the State, a rational trier of fact could have found that the State proved the elements of Mr. Dunn's conviction beyond a reasonable doubt. *See Jenks*, 61 Ohio St.3d 259 at paragraph two of the syllabus. A container used "for storing or concealing a controlled substance" constitutes drug paraphernalia. R.C. 2925.14(A)(11). Mr. Dunn readily admitted that the pill bottle was his and that he had used it to store marijuana. *See* R.C. 2925.14(B)(1). Moreover, Officer Godwin testified that he was trained to recognize raw marijuana by both sight and smell. His testimony that the pill bottle contained marijuana residue, particularly when combined with Mr. Dunn's admission that he had stored marijuana in the bottle, was sufficient evidence that the bottle did, in fact, contain marijuana residue and was, therefore, drug paraphernalia. *See, e.g., State v. Reye*, 9th Dist. Lorain No. 15CA010770, 2016-Ohio-3495, ¶ 19-20. *See also* R.C. 2925.14(B)(4). Moreover, Officer Godwin testified that he found the bottle in the center console of Mr. Dunn's car, that it was easy to find, and that, when he opened it, he immediately smelled marijuana. While Mr. Dunn claims that he did not knowingly possess the bottle because it was old and forgotten, his

assignment of error on appeal only challenges the sufficiency of the State's evidence, not its weight. *See State v. Vicente-Colon*, 9th Dist. Lorain No. 09CA009705, 2010-Ohio-6242, ¶ 20 ("[S]ufficiency and manifest weight are two separate, legally distinct arguments."). To secure a conviction, the State only needed to prove that: (1) he "knowingly use[d] * * * drug paraphernalia"; and (2) that drug paraphernalia was "material of any kind * * * used by [him] * * * in storing, containing, [or] concealing * * * marihuana." R.C. 2925.141(C). Because the record reflects that the State satisfied its burden of production, this Court rejects Mr. Dunn's argument that his conviction is based on insufficient evidence. *See State v. Eutin*, 9th Dist. Wayne No. 14AP0021, 2015-Ohio-924, ¶ 10-11. His sole assignment of error is overruled.

III.

{¶12} Mr. Dunn's sole assignment of error is overruled. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, J.
CONCURS.

CARR, P. J.
CONCURRING.

{¶13} I concur but write separately to emphasize that I am greatly troubled that the pill bottle was not introduced into evidence in this case. While it may not have mattered in this case, because the defendant admitted that he stored marijuana in it, the next case may be different. I do not want our Court's silence to be read as approval of the State's choice not to introduce this evidence.

{¶14} There is no reason to think, in this case, that the absence of the pill bottle would be critical to the trial court's finding of guilt or innocence. We must be cautious, however, about sending a signal that it is not necessary to introduce physical evidence where it is both relevant to the offense and available to the prosecution, as it appears to have been here.

{¶15} There must be a balance between introducing sufficient evidence and cumulative evidence. Here, the State introduced sufficient evidence to prove the defendant's guilt. The State could have gone further and presented the trial court with the pill bottle. This extra step would have provided additional evidence of the defendant's guilt and served to provide a level of

transparency and openness in the criminal justice system, as the State should not only do justice, but appear to do justice as well.

APPEARANCES:

L. RAY JONES, Attorney at Law, for Appellant.

THOMAS J. MORRIS, Assistant Director of Law, for Appellee.