[Cite as *State v. Robinson*, 2019-Ohio-3613.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 18AP0045 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| THOMAS ROBINSON | WAYNE COUNTY MUNICIPAL COURT |
| | COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2018 CR-B 000925 |

DECISION AND JOURNAL ENTRY

Dated: September 9, 2019

HENSAL, Judge.

{¶1} Thomas Robinson appeals his conviction for assault from the Wayne County Municipal Court. This Court affirms.

I.

{¶2} Mr. Robinson lives in the apartment directly below the victim in this matter. According to the victim, he heard a knock on his door sometime after midnight. As he opened his door, Mr. Robinson lunged at him, grabbed him around the neck, and punched him three times in the face. Mr. Robinson then turned to go back downstairs, and the victim called out to him. Mr. Robinson then turned back around and hit the victim again before going back downstairs. The victim testified that there was no verbal argument, and that he never tried to hit Mr. Robinson. He testified that, if Mr. Robinson had been yelling outside of his apartment, he did not hear it because he had a fan on. After the incident, the victim went back into his apartment and called the police.

{¶3}     According to the neighbor who lives in the apartment directly across from the victim, he heard a verbal argument and went to his front door to look through the peephole. Through the peephole, the neighbor saw the victim and Mr. Robinson arguing, and then saw Mr. Robinson grab the victim around his neck and punch him three times. After Mr. Robinson turned to leave, he heard the victim say something, and then saw Mr. Robinson turn back around and strike the victim again. The neighbor never saw the victim hit Mr. Robinson. According to the neighbor, he (the neighbor) emerged from his apartment after Mr. Robinson left and spoke with the victim prior to the victim calling the police. According to the victim, he did not speak with anyone prior to calling the police.

{¶4}     According to Mr. Robinson, he awoke to a loud thud coming from the victim's apartment. He then heard more loud thuds and yelling, so he went upstairs to investigate. When he got to the landing outside of the victim's apartment, the victim flung his door open and lunged at him, mumbling and threatening to throw him down the stairs. Mr. Robinson responded by shoving the victim away from him. When the victim lunged at him a second time, he shoved him harder and then went back downstairs. Mr. Robinson indicated that he never punched the victim, and that he was confused by the victim's behavior.

{¶5}     The two officers that responded to the scene observed injuries to the victim's face that were consistent with the victim's version of the events. They testified that Mr. Robinson had no injuries. They also testified that the victim appeared intoxicated, and that Mr. Robinson claimed to have acted in self-defense.

{¶6}     Mr. Robinson was charged with one count of assault under Revised Code Section 2903.13(A). He pleaded not guilty, and the matter proceeded to a bench trial. After hearing testimony from the victim, the neighbor, both responding officers, and Mr. Robinson, the trial

court found Mr. Robinson guilty. Mr. Robinson now appeals his conviction, raising one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THOMAS'[S] CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND NOT SUPPORTED BY SUFFICIENT EVIDENCE.

{¶7} In his assignment of error, Mr. Robinson asserts that his conviction for assault was not supported by sufficient evidence, and that it was against the manifest weight of the evidence. The sole basis of his assignment of error, however, is that the State's witnesses did not provide credible testimony. Issues of credibility sound in weight, not sufficiency. *State v. Kuruc*, 9th Dist. Medina No. 15CA0088-M, 2017-Ohio-4112, ¶ 35. Because Mr. Robinson has not otherwise developed an argument regarding the sufficiency of the evidence, this Court will address his manifest-weight argument only. *See* App.R. 16(A)(7); *In re E.G.*, 9th Dist. Medina No. 16CA0075-M, 2017-Ohio-2584, ¶ 27 (declining to construct an argument on behalf of the appellant).

{¶8} When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Notably, "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts[,]" who is "free to believe all, part, or none of the testimony of each witness." *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus; *Prince v. Jordan*, 9th Dist. Lorain No. 04CA008423, 2004-Ohio-7184, ¶ 35. "This

Court will not overturn the trial court's verdict on a manifest weight of the evidence challenge only because the trier of fact chose to believe certain witness testimony over the testimony of others." *State v. Hill*, 9th Dist. Summit No. 26519, 2013-Ohio-4022, ¶ 15.

{¶9} Mr. Robinson's challenge to the manifest weight of the evidence is based entirely upon the credibility – or alleged lack thereof – of the State's witnesses. He argues that the State's witnesses provided the following inconsistent testimony: (1) the victim claimed there was no verbal argument prior to the physical altercation, yet the neighbor testified that he heard a verbal argument; (2) the victim claimed that Mr. Robinson jumped inside the door to his apartment, yet the neighbor testified that the fight occurred in the hallway; and (3) the victim claimed that he did not speak with anyone prior to calling the police, yet the neighbor testified that he spoke with the victim prior to the victim calling the police. Mr. Robinson also points to the fact that the victim and neighbor both testified that the victim yelled something to Mr. Robinson after Mr. Robinson turned to leave, and that their testimonies differed as to whether Mr. Robinson then struck the victim inside of the victim's apartment, or in the hallway outside of the victim's apartment.

{¶10} As the trier of fact, the trial court was in the best position to observe the witnesses' demeanor and to "use th[o]se observations to weigh the credibility and resolve the conflicts in the testimony." *State v. Andrews*, 9th Dist. Summit No. 25114, 2010-Ohio-6126, ¶ 28. The trial court did just that, concluding (on the record) that, while minor inconsistencies existed in the testimony, the State presented a more credible version of the events. This Court will not substitute our judgment for that of the trier of fact. *State v. Willard*, 9th Dist. Medina No. 05CA0096-M, 2006-Ohio-5071, ¶ 10. Having reviewed the entire record, we cannot say that the trial court "clearly lost its way and created such a manifest miscarriage of justice that the

conviction[s] must be reversed and a new trial ordered." *Otten* at 340. Accordingly, Mr. Robinson's assignment of error is overruled.

III.

{¶11} Mr. Robinson's assignment of error is overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

MICHELLE FINK, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA D. UHLER, Assistant Prosecuting Attorney, for Appellee.