[Cite as *State v. Varouh*, 2020-Ohio-528.]

STATE OF OHIO            )                    IN THE COURT OF APPEALS
                                )ss:               NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN      )

STATE OF OHIO                             C.A. No.       18CA011415

      Appellee

      v.                                      APPEAL FROM JUDGMENT
                                            ENTERED IN THE
CHRISTOPHER VAROUH           OBERLIN MUNICIPAL COURT
                                              COUNTY OF LORAIN, OHIO
      Appellant                           CASE No.     17CRB00784

DECISION AND JOURNAL ENTRY

Dated: February 18, 2020

HENSAL, Judge.

{¶1} Christopher Varouh appeals his convictions in the Oberlin Municipal Court. For the following reasons, this Court affirms.

I.

{¶2} Mr. Varouh's ex-wife called the Lorain County Sheriff's Department after she received a telephone call from Mr. Varouh's then girlfriend and learned that the daughter she had with Mr. Varouh could be in danger. A deputy who responded to Mr. Varouh's address found that Mr. Varouh's girlfriend had red marks and bruises on her face, neck, and arm. After talking to the girlfriend, the deputy charged Mr. Varouh with one count of domestic violence, one count of assault, and one count of aggravated menacing, all of which were misdemeanors of the first degree.

{¶3} The case proceeded to a bench trial. On the day of trial, Mr. Varouh's girlfriend did not appear. After initially requesting a continuance, the State decided to go ahead with the

trial, calling the deputy and Mr. Varouh's ex-wife as witnesses. When the State rested, Mr. Varouh moved for a judgment of acquittal under Criminal Rule 29. After listening to the arguments of both sides, the municipal court requested written briefs. In its brief, the State conceded that it had not met its burden with respect to the domestic violence and aggravated menacing offenses but requested a hearing on whether statements the girlfriend had made to the deputy and Mr. Varouh's ex-wife should have been admissible with respect to the aggravated-menacing charge.

{¶4} The trial court construed the State's request for a hearing as a motion to reopen its case, which it granted. Mr. Varouh subsequently moved for the trial judge to recuse himself and moved for a trial by jury. The court denied Mr. Varouh's motions and scheduled a date for the reopening of the trial. Following the testimony of the girlfriend and additional testimony of the deputy and the ex-wife, the trial court found Mr. Varouh guilty of the offenses. At sentencing, it merged the assault offense into the domestic violence offense and sentenced Mr. Varouh to 180 days in jail on both of the remaining counts. Mr. Varouh has appealed, assigning six errors, which we have rearranged and combined to facilitate their disposition.

II.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING THE STATE TO REOPEN ITS CASE AFTER RESTING FOLLOWING THE MOTION FOR ACQUITTAL.

{¶5} Mr. Varouh argues that the trial court abused its discretion when it allowed the State to reopen its case after he moved for a judgment of acquittal under Criminal Rule 29(A). Revised Code Section 2945.10 sets forth the order of proceedings for criminal trials but indicates that "[t]he court may deviate from the order of proceedings listed in this section." R.C.

2945.10(G). Construing that provision, the Ohio Supreme Court has held that "[a]ny decision to vary the order of proceedings at trial in R.C. 2945.10 is within the sound discretion of the trial court, and any claim that the trial court erred in following the statutorily mandated order of proceedings must sustain a heavy burden to demonstrate the unfairness and prejudice of following that order." *State v. Bayless*, 48 Ohio St.2d 73 (1976), paragraph three of the syllabus.

{¶6} One of the variations that a trial court may allow is for the State to reopen its case after the defendant has moved for a judgment of acquittal. *State v. Pertee*, 9th Dist. Wayne No. 95CA0033, 1995 WL 688800, *2 (Nov. 22, 1995). Consistent with *Bayless*, this Court has held that "[a] trial court's decision to allow the State to reopen its case following a defendant's Rule 29 motion for acquittal will not be reversed absent an abuse of discretion." *State v. Mathis*, 9th Dist. Summit No. 23507, 2007-Ohio-2345, ¶ 5. "Under this standard, we must determine whether the trial court's decision was arbitrary, unreasonable, or unconscionable." *State v. Hilton*, 9th Dist. Wayne No. 09CA0036, 2010-Ohio-1923, ¶ 7, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶7} In its written response to Mr. Varouh's motion to dismiss, the State noted that the evidence it had admitted on the aggravated menacing charge was "insufficient to prove the charge[.]" It explained that the victim's out-of-court statements were critical to proving the charge, and agreed with Mr. Varouh that those statements were prohibited from being introduced under *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). Although noting that there were exceptions to *Crawford*, it explained that the victim's statements could not be analyzed to determine whether they fell within an exception because they were not allowed into evidence. Instead of conceding that the victim's statements could not fall within an exception to *Crawford*,

however, the State "request[ed] that the Court hold a special hearing to determine if the statements meet the exception laid out in *Ohio v. Clark*."

{¶8} The trial court construed the State's request for a hearing as a motion to re-open its case. Mr. Varouh does not argue that the court's interpretation of the request was unreasonable. The trial court wrote in its entry that it was "in the interest of justice" to re-open the case "for the limited purpose of recalling [Mr. Varouh's ex-wife] to inquire of her any statements made to her by her daughter and by the alleged victim and recalling the Deputy to inquire of statements made by the alleged victim." When the case re-opened, however, the trial court did not proceed on that limited course. Instead, the trial court essentially began the trial anew, allowing the State to call Mr. Varouh's girlfriend, even though the State had previously chosen to go forward without her testimony. It also imposed no limits on the scope of the State's examination of the deputy and ex-wife.

{¶9} Mr. Varouh argues that the trial court incorrectly allowed the State to deviate from the limited purpose of its requested hearing and, instead, "permit[ted] the State to prove every element of each offense[.]" We note, however, that, after the State presented its additional evidence, Mr. Varouh's counsel made a "point of reference" and noted that he had not objected to the State's calling of Mr. Varouh's girlfriend. When the court asked Mr. Varouh's counsel what he meant, counsel reminded the court that it "had said [the State] could call the two witnesses [called at the original trial] * * * to establish whether or not Crawford was in fact applicable * * *[a]nd whether or not there was an excited utterance issue.]" Defense counsel explained that he recognized that he could have objected to "[t]he State calling [Mr. Varouh's girlfriend]" because it was beyond the scope of the trial court's order. He specifically explained, however, that he had decided that he was "not going to object" because he knew that Mr.

Varouh's girlfriend had "recanted her story" before the hearing. Thus, in the estimation of Mr. Varouh's counsel, the calling of Mr. Varouh's girlfriend by the State "actually worked out to [Mr. Varouh's] benefit."

{¶10} Because Mr. Varouh did not object to the trial court's deviation from its order regarding the scope of the reopened trial, we conclude that he has forfeited his argument for purposes of appeal. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 23; Evid.R. 103(A)(1). While he made still argue plain error, "this court will not sua sponte undertake a plain-error analysis if a defendant fails to do so." *State v. Cross*, 9th Dist. Summit No. 25487, 2011-Ohio-3250, ¶ 41.

{¶11} Upon review of the record, and in light of our precedent, we are compelled to conclude that Mr. Varouh has not established that the trial court exercised improper discretion when it allowed the State to re-open its case. Mr. Varouh's second assignment of error is overruled.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT DENIED THE CRIMINAL RULE 29 MOTIONS AS VENUE/JURISDICTION AND THE ELEMENTS OF EACH CRIME WERE NOT PROVED BEYOND A REASONABLE DOUBT.

ASSIGNMENT OF ERROR III

APPELLANT'S CONVICTION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE IN VIOLATION OF ARTICLE IV, SECTION 3 OF THE OHIO CONSTITUTION[.]

{¶12} In his first assignment of error, Mr. Varouh argues that the State failed to prove that the alleged offenses occurred within the jurisdiction of the municipal court. In his first and third assignments of error, he also argues that his convictions were not supported by sufficient evidence and that the court should have granted his motion for judgment of acquittal under Rule

29(A). Under Rule 29(A), a defendant is entitled to a judgment of acquittal on a charge against him "if the evidence is insufficient to sustain a conviction * * *." Crim.R. 29(A). Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In making this determination, we must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶13} Although venue is not a material element of a criminal offense, the State must prove it beyond a reasonable doubt unless it is waived by the defendant. *State v. Patterson*, 9th Dist. Lorain No. 16CA011035, 2017-Ohio-8196, ¶ 17. We note, however, that, if a defendant does not make a specific objection to venue before the trial court, he forfeits all but plain error. *Id*. at ¶ 16. Mr. Varouh did not object in the trial court that the municipal court was not the proper venue for the alleged offenses. He, therefore, has forfeited his argument for appellate review. *Id*. Mr. Varouh has not alleged that the error was plain, and we decline to develop an argument for him. *Cross*, 2011-Ohio-3250, at ¶ 41.

{¶14} Regarding whether the trial court incorrectly denied his motion for judgment of acquittal, we note that, because the court allowed the State to reopen its case, it did not rule on Mr. Varouh's motion until after the State presented all of its additional evidence. In order to convict Mr. Varouh of domestic violence, the State had to prove that he knowingly caused or attempted to cause physical harm to a family or household member. R.C. 2919.25(A). In order

to convict him of assault, it had to prove that he knowingly caused or attempted to cause physical harm to another. R.C. 2903.13(A). In order to convict him of aggravated menacing, it had to prove that Mr. Varouh "knowingly cause[d] another to believe that the offender will cause serious physical harm to the person or property of the other person * * * or a member of the other person's immediate family." R.C. 2903.21(A).

{¶15} Mr. Varouh's girlfriend testified that she lived with Mr. Varouh at the time of the alleged offenses. The deputy testified that, when he saw Mr. Varouh's girlfriend, he immediately noticed that she had a bruise on her bicep. When he asked where she had gotten it, she said that Mr. Varouh had grabbed her. The girlfriend went on to explain to him that a red mark on her cheek was from a slap by Mr. Varouh and that a mark on her temple was from when he slammed her into a kitchen cabinet. Mr. Varouh's ex-wife testified that, when his girlfriend initially called, she said that Mr. Varouh was high on cocaine, that he had beaten her up throughout the day, and that she did not believe it was a safe place for the child because she suspected that Mr. Varouh was going to try to kill her. Mr. Varouh's girlfriend went on to explain that Mr. Varouh had already beaten her with a broom, choked her, and put a gun to her head. She also said that she had locked herself in her bedroom away from Mr. Varouh.

{¶16} Mr. Varouh argues that some of the testimony should not have been admitted because it was hearsay that did not meet the requirements of an excited utterance. He also argues that some of the evidence that was admitted did not have an adequate foundation to be authenticated. These arguments, however, fall outside the scope of his stated assignments of error. Because Mr. Varouh has not separately assigned as error that the trial court incorrectly admitted evidence, we decline to address Mr. Varouh's arguments regarding whether evidence

was improperly admitted. *State v. Bennett*, 9th Dist. Lorain No. 14CA010579, 2015-Ohio-2887, ¶ 13; App.R. 16(A)(7).

{¶17} Viewing the testimony of the witnesses in a light most favorable to the State, we conclude that there was evidence that Mr. Varouh knowingly caused physical harm to a household member, which is sufficient to uphold his convictions for domestic violence and assault. There was also evidence that he knowingly caused another to believe that he would cause serious physical harm to her, which is sufficient to uphold his conviction for aggravated menacing. The trial court, therefore, did not err when it denied his motion for judgment of acquittal under Rule 29(A). Mr. Varouh's first and third assignments of error are overruled.

## ASSIGNMENT OF ERROR IV

APPELLANT'S CONVICTION WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF ARTICLE IV, SECTION 3 OF THE OHIO CONSTITUTION.

{¶18} Mr. Varouh next argues that his convictions are against the manifest weight of the evidence. If a defendant asserts that his convictions are against the manifest weight of the evidence,

> an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction[s] must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *Thompkins*, 78 Ohio St.3d 380, at 387. An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases. *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340.

{¶19} Mr. Varouh notes that his former girlfriend explained during her testimony that she only said what she said to the deputy and Mr. Varouh's ex-wife because she found out he had been seeing an ex-girlfriend. She initially told Mr. Varouh's ex-wife earlier in the day that it might not be the best day for the daughter to be in the home because Mr. Varouh and she had been arguing a lot. When Mr. Varouh returned from picking up his daughter, she was unable to refrain from continuing the argument. She told Mr. Varouh that she was going to leave him, but he said that he did not care, so she decided to get him arrested by saying that he had hit her. The girlfriend also explained that, although the marks on her body were caused by Mr. Varouh, it was from violent consensual sexual activity that they had engaged in earlier that day. She admitted that her tear tracks were authentic because she had been crying because Mr. Varouh had cheated on her. The girlfriend further testified that Mr. Varouh's ex-wife knew about her plan and agreed to it because she wanted full custody of her daughter.

{¶20} Mr. Varouh argues that his former girlfriend did not have any motive to lie at trial because she had long since broken up with him and moved on with her life and had not even seen him since the day of his arrest. She did not need him for emotional or financial support, and they did not share any children. He also notes that she risked a perjury charge if she lied under oath at trial. He argues that, if you look at the deputy's testimony about his conversation with the girlfriend, she was more focused on Mr. Varouh's cheating than any injuries she had suffered. She also refused medical treatment. He further argues that, even though Mr. Varouh's ex-wife admitted that the girlfriend called her and told her about the fighting at Mr. Varouh's house before Mr. Varouh and she met her to exchange their daughter, she still allowed Mr. Varouh to take the daughter and merely told the girlfriend to call her if they started fighting again.

{¶21}  Although Mr. Varouh's ex-wife recounted a number of details of the fight that the girlfriend relayed to her, it is not clear from the ex-wife's testimony whether she learned those details during their first or second conversation.  Regarding whether Mr. Varouh's girlfriend's testimony was credible, we recognize that "the trial court was in the best position to observe the witnesses' demeanor and to 'use th[o]se observations to weigh the credibility [of the witnesses] and resolve the conflicts in the testimony.'"  *State v. Robinson*, 9th Dist. Wayne No. 18AP0045, 2019-Ohio-3613, ¶ 10, quoting *State v. Andrews*, 9th Dist. Summit No. 25114, 2010-Ohio-6126, ¶ 28.  Upon review of the record, we cannot say that the trial court lost its way when it chose to believe what Mr. Varouh's former girlfriend told the deputy and his ex-wife on the day of the incident over what she testified to in court.  We conclude that this is not the exceptional case where the evidence weighs heavily against Mr. Varouh's convictions.  Mr. Varouh's fourth assignment of error is overruled.

### ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED IN FAILING TO GIVE DEFENDANT-APPELLANT A TRIAL BY JURY.

{¶22}  Mr. Varouh next argues that the trial court incorrectly denied his right to a jury trial, which he demanded after the court allowed the State to re-open its case.  He argues that, because the trial court essentially allowed the State to start its case over, he should have been able to have the new case heard by a jury, especially because he made his request approximately 60 days before the second trial date.

{¶23}  Criminal Rule 23(A) provides that, "[i]n petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial."  A demand for jury trial "must be in writing and filed with the clerk of court not less than ten days

prior to the date set for trial * * *." Crim R. 23(A). "Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto." *Id.*

{¶24} At the time Mr. Varouh demanded a jury trial, the trial court had not ordered a complete restart of the trial. Instead, it had ordered the State's case re-opened "for the limited purpose of recalling [Mr. Varouh's ex-wife] to inquire of her any statements made to her by her daughter and by the alleged victim and recalling the Deputy to inquire of statements made by the alleged victim." Although the State ended up calling an additional witness, it was not until after the trial court denied Mr. Varouh's jury demand. As this Court explained earlier, Mr. Varouh's counsel stated at trial that he did not object to the expansion of the State's re-opened case because it worked to Mr. Varouh's benefit.

{¶25} Upon review of the record, we conclude that, because the court did not order a completely new trial following the State's request for a hearing, the court's order did not renew Mr. Varouh's right to demand a jury trial under Rule 23(A). The trial court, therefore, did not err when it denied Mr. Varouh's jury demand. Mr. Varouh's fifth assignment of error is overruled.

## ASSIGNMENT OF ERROR VI

### THE TRIAL COURT ERRED WHEN IT DID NOT RECUSE ITSELF.

{¶26} Mr. Varouh's final argument is that the trial court incorrectly failed to recuse itself after it allowed the State to re-open its case. He argues that the trial court demonstrated its lack of independence by giving the novice prosecutor pages of instructions regarding hearsay instructions, confrontation clause issues, eliciting testimony from witnesses, and avoiding objections. He contends that the court went so far as to give examples to the prosecutor of how she should have questioned the witnesses.

{¶27} Section 2701.031 provides that, "[i]f a judge of a municipal * * * court * * * allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the judge * * * any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court." It is the exclusive means by which a litigant may assert that a municipal court judge is biased or prejudiced. *State v. Hunter*, 151 Ohio App.3d 276, 2002-Ohio-7326, ¶ 17 (9th Dist.) Interpreting the language of Section 2701.031, we have determined that this Court has "no authority to render a decision with regard to disqualification * * * or to void a trial court's judgment on the basis of personal bias or prejudice on the part of the trial judge." *Id*. at ¶ 18. Consequently, we conclude that we are unable to address the merits of Mr. Varouh's argument. *State v. Polke*, 9th Dist. Medina No. 18CA0061-M, 2019-Ohio-904, ¶ 7. Mr. Varouh's sixth assignment of error is overruled.

III.

{¶28} Mr. Varouh's assignments of error are overruled. The judgment of the Oberlin Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Oberlin Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CONCURS.

CALLAHAN, P. J.
DISSENTING.

{¶29} I disagree with the majority's conclusion that the trial court did not abuse its discretion by allowing the State to reopen its case after Mr. Varouh moved for a judgment of acquittal under Crim.R. 29(A). For that reason, I respectfully dissent.

{¶30} I recognize that this Court and others have concluded that a trial court may exercise its discretion to regulate proceedings by permitting the State to reopen its case after a defendant has moved for a judgment of acquittal. One court, for example, has concluded that the decision to do so is not an abuse of discretion when the trial court permits a witness who has already testified to clarify a point with reference to demonstrative aids. *State v. Salaam*, 1st Dist. Hamilton No. C-020324, 2003-Ohio-1021, ¶ 9-10, 13-14. Others have reached the same result when the trial court allowed the State to offer testimony regarding the degree of an offense, when all of the elements of the offense were established in the case-in-chief and the evidence is readily at hand. *State v. Roberson,* 8th Dist. Cuyahoga No. 88215, 2007-Ohio-1981,

¶ 28-29; *State v. Gaskins*, 3d Dist. Seneca No. 13-04-12, 2004-Ohio-5427, ¶ 13-20.  The decision to reopen the State's case to permit an officer to accurately identify a photograph referenced during his testimony is not an abuse of discretion because "the circumstances causing the need for the further presentation of evidence * * * were nothing more than a tendency for human error during the process of reading letters, numbers, and symbols on the back of 26 consecutive images."  *State v. Steele*, 12th Dist. Butler No. CA2003-11-276, 2005-Ohio-943, ¶ 140.  Similarly, this Court has concluded that a trial court does not abuse its discretion by permitting the State to reopen its case based on a misunderstanding about the scope of a stipulation.  *State v. Austin*, 9th Dist. Summit No. 16239, 1993 WL 525874, * 1-2 (Dec. 8, 1993).

{¶31}  This case is different.  The trial court's decision to allow the State to reopen its case did not accommodate correction of a misunderstanding, permit the clarification of prior testimony, or assist in the identification of an exhibit.  In this case, the State simply did not frame the police officer's direct examination in accord with *Crawford v. Washington*, 541 U.S. 36 (2004), *Melendez–Diaz v. Massachusetts*, 557 U.S. 305 (2009), and  *Davis v. Washington*, 547 U.S. 813, 821 (2006).  *See generally State v. Doss*, 9th Dist. Wayne No. 18AP0027, 2019-Ohio-436, ¶ 4-12 (discussing the application of the Confrontation Clause in the context of domestic violence cases).  "Crim.R. 29 is a means by which a defendant in a criminal case moves the court for a judgment of acquittal at the close of either the state's evidence or at the close of the trial.  It is not a vehicle by which the defense informs the State of fatal deficiencies in its case, so that it can have a second bite at the apple."  *State v. Nerren*, 9th Dist. Wayne No. 05CA0052, 2006-Ohio-2855, ¶ 28 (Moore, J., concurring).

{¶32}  Although I agree with the majority's observation that defense counsel made a strategic decision not to object to the testimony of Mr. Varouh's girlfriend once the reopened

proceeding commenced, I believe that it was error for the proceeding to have been reopened in the first place.  For this reason, I do not agree that Mr. Varouh has forfeited his argument for purposes of appeal, and I would sustain his second assignment of error.

{¶33}  I respectfully dissent.

APPEARANCES:

JACK W. BRADLEY, Attorney at Law, for Appellant.

FARAH EMEKA, Prosecuting Attorney, for Appellee.