# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

STEVEN GUILDOO,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 20 MA 0124

---

Criminal Appeal from the
Mahoning County Court No. 3, of Mahoning County, Ohio
Case Nos. 2020 CRB 00103, 2020 TRD 00587, 2019 CRB 00234

**BEFORE:**
Gene Donofrio, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Michael A. Rich, Atty. Ralph Rivera*, Assistant Prosecutors, Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. John A. McNally, IV*, Roth, Blair, Roberts, Strasfeld & Lodge, 100 Federal Street East, Suite 600, Youngstown, Ohio 44503, for Defendant-Appellant.

Dated:
December 22, 2021

**Donofrio, J.**

{¶1}  Defendant-appellant, Steven Guildoo, appeals from Mahoning County Court No. 3 judgments finding him guilty of criminal trespass, theft, receiving stolen property, and failing to stop after an accident on public roads, following a bench trial.

{¶2}  This case involves two unrelated incidents occurring on two separate dates. Both incidents involve appellant and led to criminal charges being filed against him.

{¶3}  In the first incident, on August 4, 2019, Christopher Kleinhans reported some of his stereo equipment stolen to Sebring Police Officer Domenico Marchionda.  He provided the officer with receipts and serial numbers.  Kleinhans also reported that sometime prior, his car had broken down.  Kleinhans had left his car, which had his stereo equipment in it, somewhere in Columbiana County and appellant had given him a ride home.  As a result of Kleinhans' report, Officer Marchionda then went to a yard sale at appellant's brother's house.  The officer located a car speaker at the sale that he suspected might be stolen.  Upon confirming that the speaker was stolen, Officer Marchionda placed appellant under arrest.

{¶4}  On August 8, 2019, appellant was charged in Case No. 2019 CRB 00234 with receiving stolen property less than $300 in violation of R.C. 2913.51(A).

{¶5}  In the second incident, on April 2, 2020, William Baird called the police to report that he had seen a man take a catalytic converter and a "sawzall" from a truck located on his deceased neighbor's property.  Baird also reported that after he confronted the man, they each got into their own vehicle and the man drove through a ditch, out of the driveway and struck Baird's vehicle.  The man then drove away.

{¶6}  On April 3, 2020, appellant was charged in Case No. 2020 TRD 587 with failing to stop after an accident on public roads in violation of R.C. 4549.02, driving under a suspended license in violation of R.C. 4510.11, and failure to keep an assured clear distance in violation of R.C. 4511.21(A).

**{¶7}** Also on April 3, 2020, appellant was charged in Case No. 2020 CRB 00103 with criminal trespass in violation of R.C. 2911.21 and theft of less than $500 in violation of R.C. 2913.02.

**{¶8}** All cases proceeded to a bench trial on the same day.

**{¶9}** In Case No. 2020 TRD 587, the trial court found appellant guilty of failing to stop after an accident on public roads and not guilty of driving under a suspended license and failure to keep an assured clear distance. The court sentenced him to 180 days in jail, all suspended; a one-year driver's license suspension; 24 months of reporting probation; and a $500 fine.

**{¶10}** In Case No. 2020 CRB 00103, the trial court found appellant guilty of both criminal trespass and theft. On the criminal trespass conviction, the court sentenced appellant to 30 days in jail, 30 days suspended; 24 months of reporting probation; and a $150 fine. On the theft conviction, the court sentenced him to 180 days in jail; 90 days suspended; and a $250 fine.

**{¶11}** In Case No. 2019 CRB 00234, the trial court found appellant guilty of receiving stolen property less than $300. The court sentenced appellant to 180 days in jail; 90 days suspended; to be served concurrent with his sentence in 2020 CRB 00103; 24 months of reporting probation; and a $250 fine.

**{¶12}** Appellant filed timely notices of appeal on November 2, 2020. He also filed motions to stay his sentences pending this appeal, which the trial court granted. Appellant now raises five assignments of error.

**{¶13}** Appellant's first four assignments of error assert that there was insufficient evidence to sustain his convictions. Thus, we will apply the same standard of review to each of these assignments of error.

**{¶14}** Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the verdict. *State v. Dickson*, 7th Dist. Columbiana No. 12 CO 50, 2013-Ohio-5293, ¶ 10 citing *State v. Thompkins*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997). The same standard applies when the conviction results from a bench trial. *State v. Nunnally*, 6th Dist. Lucas No. L-89-039, 1989 WL 155213 (Dec. 22, 1989) *1. Sufficiency is a test of adequacy. *Dickson,* at ¶ 10, citing *Thompkins*, at 386. Whether

the evidence is legally sufficient to sustain a verdict is a question of law. *Id.* In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements proven beyond a reasonable doubt. *Id.*, citing *State v. Goff*, 82 Ohio St.3d 123, 138, 694 N.E.2d 916 (1998). When evaluating the sufficiency of the evidence to prove the elements, it must be remembered that circumstantial evidence has the same probative value as direct evidence. *Id.*, citing *State v. Jenks*, 61 Ohio St.3d 259, 272-273, 574 N.E.2d 492 (1991) (superseded by state constitutional amendment on other grounds).

{¶15} Appellant's first assignment of error states:

THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION FOR ACQUITTAL AS TO THE CHARGE OF VIOLATION OF R.C. 2913.02 WHERE THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION BY THE TRIAL COURT.

{¶16} Appellant asserts here that there was insufficient evidence to support his conviction for theft. He claims there was no evidence concerning where the stolen property came from and no evidence that it came from any of the vehicles located on Daryl Koran's property.

{¶17} The trial court convicted appellant of theft in violation of R.C. 2913.02(A), which provides:

No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

(1) Without the consent of the owner or person authorized to give consent;

(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;

Case No. 20 MA 0124

(3) By deception;

(4) By threat;

(5) By intimidation.

**{¶18}**  In reviewing a sufficiency of the evidence challenge, we must examine the evidence presented by the state to determine if it presented evidence as to each element of each offense.

**{¶19}**  The state's first witness was Kimberly Mitchell.  Mitchell's deceased son, Daryl Koran, had been the owner of 10040 Oyster Road.  (Tr. 8).  Koran died on March 6, 2020.  (Tr. 8).  Mitchell stated that she is the administrator of Koran's estate.  (Tr. 9).  On April 2, 2020, Koran's estate had yet to be resolved and numerous vehicles that had belonged to Koran were still located on his Oyster Road property.  (Tr. 9).  Mitchell testified that she had never seen appellant before and she never gave him permission to enter her son's property or to remove anything from it.  (Tr. 10).

**{¶20}**  Christina Koran, Koran's ex-wife, testified next.  Christina testified that the only people who had lived at the Oyster Road property were Koran and their daughter.  (Tr. 13).  She stated she had never seen appellant before, did not know him, and that he did not have permission to be on the property.  (Tr. 14).

**{¶21}**  Koran's friend and neighbor, William Baird, was the next witness.  Baird stated that he lived three lots down on Oyster Road from Koran.  (Tr. 17).  Baird testified that since Koran's death, he had been watching over Koran's property.  (Tr. 17).  He stated that on April 2, 2020, he saw appellant walking on Koran's property with a catalytic converter and a "sawzall" in his arms.  (Tr. 18).  Appellant was about 20 feet from one of the trucks located on Koran's property and was walking toward appellant's own vehicle.  (Tr. 19).  Baird approached appellant and inquired as to what he was doing there.  (Tr. 20).  Appellant told Baird he was visiting a friend, which Baird knew to be untrue.  (Tr. 20).

**{¶22}**  Baird testified that appellant then got into appellant's vehicle to get away.  (Tr. 20).  He stated that appellant drove through a ditch, onto the road, and then struck the rear of Baird's car.  (Tr. 20-21).  Baird testified that he had been able to take photographs of appellant's vehicle, a white suburban, and its license plate number.  (Tr.

20). He then reported the incident to Smith Township Police Officer George Starr. (Tr. 21-22).

{¶23} Officer Starr was the final witness. He stated that Baird had reported to him that appellant had taken a catalytic converter and a "sawzall" from Koran's property and subsequently struck his car after pulling out of Koran's driveway. (Tr. 30-31). Officer Starr testified that he ran the license plate number Baird provided him, which revealed the vehicle was registered to Christopher Guildoo who is appellant's brother. (Tr. 29). The next day, the officer located appellant operating the suspected vehicle at a gas station. (Tr. 33). The officer observed damage on the vehicle consistent with the damage to Baird's car. (Tr. 33). He also located a catalytic converter in the vehicle. (Tr. 34).

{¶24} Based on the above testimony, the state provided sufficient evidence to convict appellant of theft. Baird testified that he saw appellant on Koran's property carrying a catalytic converter and a "sawzall." He further testified that appellant fled with that property. And Officer Starr testified that he located appellant the next day, driving the vehicle Baird had identified, with a catalytic converter in the vehicle. This evidence could lead a reasonable person to find each of the elements of R.C. 2913.02(A) proven beyond a reasonable doubt.

{¶25} Accordingly, appellant's first assignment of error is without merit and is overruled.

{¶26} Appellant's second assignment of error states:

THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION FOR ACQUITTAL AS TO THE CHARGE OF VIOLATION OF R.C. 2911.21 WHERE THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION BY THE TRIAL COURT.

{¶27} Here appellant contends his conviction for criminal trespass was not supported by sufficient evidence.

{¶28} The court convicted appellant of criminal trespass in violation of R.C 2911.21(A)(1), which states:

Case No. 20 MA 0124

(A) No person, without privilege to do so, shall do any of the following:

(1) Knowingly enter or remain on the land or premises of another[.]

{¶29} Considering the evidence set out above, the state presented sufficient evidence going to each element of theft. Mitchell, Koran's mother and the administrator of his estate, testified that appellant did not have permission to be on the Oyster Road property. And Baird identified appellant as the person he saw on the property on the day in question. Additionally, appellant fled from the property when confronted by Baird, showing he knew he was on someone else's property.

{¶30} Accordingly, appellant's second assignment of error is without merit and is overruled.

{¶31} Appellant's third assignment of error states:

THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION FOR ACQUITTAL AS TO THE CHARGE OF VIOLATION OF R.C. 4549.02 WHERE THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION BY THE TRIAL COURT.

{¶32} Appellant argues there was insufficient evidence to support his conviction for failing to stop after an accident on public roads. He claims there was no evidence to show that any collision occurred on a public road or highway.

{¶33} The trial court convicted appellant of failing to stop after an accident on public roads in violation of R.C. 4945.02(A), which provides:

(1) In the case of a motor vehicle accident or collision with persons or property on a public road or highway, the operator of the motor vehicle, having knowledge of the accident or collision, immediately shall stop the operator's motor vehicle at the scene of the accident or collision. The operator shall remain at the scene of the accident or collision until the operator has given the operator's name and address and, if the operator is not the owner, the name and address of the owner of that motor vehicle,

together with the registered number of that motor vehicle, to all of the following:

(a) Any person injured in the accident or collision;

(b) The operator, occupant, owner, or attendant of any motor vehicle damaged in the accident or collision;

(c) The police officer at the scene of the accident or collision.

{¶34}  As demonstrated from the evidence set out above, the state presented sufficient evidence going to each element of failing to stop after an accident on public roads.  Mitchell and Baird both testified that Koran's property was located on Oyster Road.  Baird testified that appellant drove through a ditch and then hit the rear of his car after pulling out of Koran's driveway.  Officer Starr testified that Baird reported these same facts to him.  Since the accident occurred after appellant pulled out of the driveway, it is reasonable to conclude that it occurred while appellant was on a public road.  Additionally, Baird testified that appellant did not stop after the collision.

{¶35}  Accordingly, appellant's third assignment of error is without merit and is overruled.

{¶36}  Appellant's fourth assignment of error states:

THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION FOR ACQUITTAL  AS TO THE CHARGE OF VIOLATION OF R.C. 2913.51 WHERE THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION BY THE TRIAL COURT.

{¶37}  Appellant claims the state failed to present any evidence that he brought the stolen car speaker to his brother's garage sale or that he knew the speaker was stolen.

{¶38}  The trial court convicted appellant of receiving stolen property in violation of R.C. 2913.51(A), which states:

Case No. 20 MA 0124

No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.

**{¶39}** In the second case, the state called just one witness, Officer Domenico Marchionda. Officer Marchionda testified that on August 4, 2019, Christopher Kleinhans came into the police station to report that a speaker system was stolen from his vehicle. (Tr. 54-55). As a result, Officer Marchionda started an investigation and went to Kleinhans' house to gather product information and serial numbers. (Tr. 56). Kleinhans' statements then led the officer to a yard sale. (Tr. 57). Appellant and his brother, Christopher Guildoo, were having the yard sale. (Tr. 57). Officer Marchionda found a stereo speaker for sale on a table. (Tr. 57). Upon double-checking serial numbers, Officer Marchionda determined the speaker was one that was stolen from Kleinhans. (Tr. 58-59). After speaking to both brothers, the officer arrested appellant. (Tr. 60). Officer Marchionda testified that Kleinhans pointed him in appellant's direction, in regards to who could have taken the missing stereo part. (Tr. 68). He stated that Kleinhans reported that his car had broken down prior to this day and appellant gave him a ride. (Tr. 70-71). Kleinhans reported that he had left his car at a location in Columbiana County and when he eventually went back to his car, the speaker was missing. (Tr. 70-71).

**{¶40}** Appellant now claims he did not know the speaker was stolen. But sufficient circumstantial evidence exists to support appellant's conviction for receiving stolen property.

**{¶41}** Circumstantial evidence and direct evidence have the same probative value. *State v. Dodds*, 7th Dist. Mahoning No. 05 MA 236, 2007-Ohio-3403, ¶ 88, citing *Jenks*, 61 Ohio St.3d at 272. "A conviction based on purely circumstantial evidence is no less sound than a conviction based on direct evidence." *State v. Begley*, 12th Dist. Butler No. CA92-05-076, 1992 WL 379379, *2 (Dec. 21, 1992), citing *State v. Apanovitch*, 33 Ohio St.3d 19, 27, 514 N.E.2d 394 (1987).

**{¶42}** The evidence in this case demonstrated that appellant gave Kleinhans a ride when his car broke down. When Kleinhans later returned to his car, he found that stereo equipment had been stolen from it. Kleinhans reported the stolen stereo equipment, providing receipts and serial numbers, to Officer Marchionda. The officer then

located one of the stolen items at a yard sale being held by appellant and his brother. This evidence, when viewed in the light most favorable to the state as is required in a sufficiency of the evidence determination, was sufficient on which to convict appellant of receiving stolen property.

**{¶43}** Accordingly, appellant's fourth assignment of error is without merit and is overruled.

**{¶44}** Appellant's fifth assignment of error states:

THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S ORAL MOTION FOR RECUSAL PRIOR TO TRIAL.

**{¶45}** Appellant argues that the judge should have recused himself due to impartiality against him. Appellant claims that he has appeared in the same court over 50 times for traffic and criminal cases and the judge would use this prior knowledge against him.

**{¶46}** Pursuant to R.C. 2701.031:

If a judge of a municipal or county court allegedly is interested in a proceeding pending before the judge, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the judge or to a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the judge, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court.

**{¶47}** R.C. 2701.031 is the exclusive means by which a litigant may assert that a municipal court judge is biased or prejudiced. *State v. Varouh*, 9th Dist. Lorain, No. 18CA011415, 2020-Ohio-528, ¶ 27. When the litigant fails to file an affidavit of disqualification of the trial court judge with the clerk of the Supreme Court, the litigant forfeits its complaint on this subject on appeal. *State v. Rhoades*, 10th Dist. Franklin No. 19AP-93, 2020-Ohio-2688, ¶ 22.

Case No. 20 MA 0124

**{¶48}** In this case, appellant did not file the necessary affidavit challenging the alleged judicial bias. Consequently, appellant has forfeited his argument of judicial bias on appeal.

**{¶49}** Moreover, the trial court addressed appellant's concerns just prior to trial.

**{¶50}** Appellant first indicated to the court that he was worried he would not get a fair trial because the court had previously rejected a proposed plea deal in the case. (Tr. 4-5). The court addressed appellant's concern stating that it has rejected many pleas when it did not feel that they were just. (Tr. 5). The court told appellant that it would not use the plea as an admission of guilt. (Tr. 5). The court told appellant: "I'm going to apply the law and will determine what the outcome is after hearing all of that. So I'm going to deny that motion. I don't believe I have any sort of conflict or any inherent bias towards you." (Tr. 5).

**{¶51}** Second, appellant voiced his concern that because he and his family had been before the court on numerous occasions, he felt he would not get a fair trial. (Tr. 6). Again the court addressed appellant's concern. The Court told him that it was not uncommon for families to have multiple members appear before a particular judge. (Tr. 6). The court told appellant: "I'm not going to look at your history. I'm not going to look at your family's history. I'm simply going to look at the facts of this case, apply the law and then make a fair decision." (Tr. 6).

**{¶52}** Here the trial court considered appellant's concerns and assured him that he would receive a fair and unbiased trial. Appellant has not pointed to anything in the record to demonstrate bias on the part of the court or to indicate that he did not receive a fair trial.

**{¶53}** Accordingly, appellant's fifth assignment of error is without merit and is overruled.

**{¶54}** For the reasons stated above, the trial court's judgements are hereby affirmed.


Robb, J., concurs.

D'Apolito, J., concurs.


Case No. 20 MA 0124

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgments of the Mahoning County Court No. 3, of Mahoning County, Ohio, are affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**NOTICE TO COUNSEL**

**This document constitutes a final judgment entry.**